HARRY S. GOLDBERG, Petitioner, *v.* COMMISSIONER OF INTERNAL REVENUE, Respondent.

Docket No. 5389.    Decided September 27, 1926.

*Dan J. Chapin, Esq.,* for the petitioner.
*George E. Adams, Esq.,* for the respondent.

This is a proceeding for the redetermination of deficiencies of $1,304.20 and $858.18 in income taxes for 1921 and 1923, respectively. The deficiencies result from the inclusion in petitioner's taxable income of salaries earned by his wife.

### FINDINGS OF FACT.

The petitioner and his wife are residents of California residing in Los Angeles. Petitioner during the taxable years was engaged in selling ladies' wearing apparel, and was assisted at all times in his business by his wife, Gertrude Goldberg. Prior to 1922 the business was operated by petitioner as an individual but in that year petitioner incorporated under the name of "Sweldom." In 1921 the petitioner paid his wife a salary of $4,950. In 1923 the corporation by a resolution of the directors voted and paid to Gertrude Goldberg a salary of $6,200. Petitioner and his wife agreed orally that the salary of the wife was her separate property. At no time did he exercise any control over or interfere with her in the use of this money.

The wife had a separate bank account subject only to her own checks in which she deposited her salary. Household expenses were borne by the petitioner, but the wife spent a considerable amount upon improvements and remodeling. Their home stood in the name of Gertrude Goldberg. The wife had a personal safe deposit box separate from that of her husband and that of the corporation. She had a key to the safe deposit box of the firm, but not a key for her husband's personal safe deposit box, nor did he have a key for hers.

The Commissioner included the salary of the wife in petitioner's taxable income and determined the deficiencies here appealed from.

### OPINION.

Morris: The opinions of the Board in the *Appeal of Estate of George W. Randall,* 4 B. T. A. 679, and *Appeal of Louis Gassner,* 4 B. T. A. 1071, are controlling in the instant appeal.

*Judgment for the petitioner.*

50144°—27——71